UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 09-80720-CIV-MARRA

ONUSS ORTAK NOKTA ULUSLARARASI
HABERLESME SISTEM SERVIS BILGISAYAR
YAZILIM DANISMANLIK VE DIS TICARET
LIMITED SIRKETI,

Plaintiff,

vs.

TERMINAL EXCHANGE, LLC et al.,

Defendants.
_____/

**OPINION AND ORDER**

This cause is before the Court upon Defendant Terminal Exchange, LLC's Motion to Dismiss Plaintiff's Amended Complaint (DE 46); Defendants Jonathan Lee and Kevin Slusher's Motion to Dismiss Plaintiff's Amended Complaint (DE 48) and Defendants Terminal Superstore, LLC, American Bancard, LLC and Sam Zeitz's Motion to Dismiss Amended Complaint (DE 56). The Court has carefully considered the motion and is otherwise fully advised in the premises.

I.  Background

Plaintiff Onuss Ortak Nokta Uluslararasi Haberlesme Sistem Servis Bilgisayar Yazilim Danismanlik ve Dis Ticaret Limited Sirketi ("Plaintiff") brings this Amended Complaint against Defendants Terminal Exchange, LLC, Terminal Superstore, LLC American Bancard, LLC, Sam Zietz, Jonathan Lee and Kevin Slusher.  The four-count Amended Complaint alleges breach of contract (count one) and breach of implied duty of good faith and fair dealing (count two) against all Defendants and seeks damages against the individual Defendants pursuant to Florida Statute §

608.4238 (count three) and under a common law theory of promoter liability (count four).

According to the allegations of the Amended Complaint, Plaintiff entered into a contract with Defendants for the sale of 7,500 used Verifone Omni 3750 3meg POS Terminals ("Verifones"). (Am. Compl. ¶ 2.)  Plaintiff and Defendants had been engaging in the sale of used Verifones since 2004.  Sales and shipments were accomplished by a request of Defendants accompanied by the issuance of a purchase order.  Plaintiff then issued an invoice and shipped the used Verifones to Defendants.  The parties had engaged in nine prior transactions between 2004 and 2007.  (Am. Compl. ¶ 16.)

On or about July 3, 2008, Mr. Zeitz, as president of American Bancard, sent an email to Plaintiff requesting that Plaintiff ship 7,500 Verifones to Defendants. (Am. Compl. ¶ 17.)  Mr. Zeitz agreed that Defendants would pay Plaintiff $200,000.00 seven days after delivery of the Verifones and an additional $300,000.00 in three installments at 30 day intervals for a total of $500,000.00. (Am. Compl. ¶ 18.)[1]  Mr. Zeitz's email further stated that Mr. Lee of Terminal Exchange would issue Plaintiff a purchase order which would bind Defendants to the purchase.  Defendants also promised that payment for the shipment would be made via wire transfer from Terminal Superstore, LLC's corporate bank account. (Am. Compl. ¶ 19.)  On or about July 3, 2008, Terminal Exchange issued a purchase order to Plaintiff for the purchase of 7500 Verifones with a unit price of $66.67 per unit. (Am. Compl. ¶ 20; Purchase Order, Ex. 2, attached to DE 1.)  Plaintiff accepted the terms and conditions of the purchase order, and on or about July 4, 2008, issued a commercial invoice to Defendants for the shipment requested by Mr. Zeitz.  (Am.

---

[1] The Amended Complaint actually says $500,001.00, but the Court assumes this was a typographical error.

2

Compl. ¶ 21; Invoice, Ex. 3, attached to DE 1.)  The 7500 Verifones were shipped by Plaintiff to Defendants on July 6, 2008 and arrived at a destination facility in Florida on or about July 8, 2008. (Am. Compl. ¶ 22.)  Defendants have not paid Plaintiff for the Verifones. (Am. Compl. ¶ 23.)  At the time of execution of the contract, American Bancard, LLC, Terminal Exchange LLC and Terminal Superstore, LLC were controlled by the same individuals and Defendants were acting as a single entity in relation to their business transactions with Plaintiff. (Am. Compl. ¶ 12.)

Terminal Exchange LLC argues that it cannot be liable for the alleged contract because it did not exist at the time of the alleged transaction.  Defendants Lee, Slusher and Zeitz move to dismiss the Amended Complaint because they did not enter into the contract on behalf of an entity that had not been organized and the contract was entered into by Terminal Superstore through its duly registered fictitious name.  American Bancard contends it was not a party to the contract.  Finally, Terminal Superstore, LLC, American Bancard, LLC, Sam Zeitz, and Terminal Exchange, LLC assert that the Amended Complaint does not properly allege a claim for breach of contract or breach of the implied duty of good faith and fair dealing.

II.  Legal Standard

Rule 8(a) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claims" that "will give the defendant fair notice of what the plaintiff's claim is and the ground upon which it rests." Fed. R. Civ. P. 8(a). The Supreme Court has held that "[w]hile a complaint attacked by a Rule 12(b) (6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.

3

Factual allegations must be enough to raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (internal citations omitted).

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (quotations and citations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.  Thus, "only a complaint that states a plausible claim for relief survives a motion to dismiss." Id. at 1950.  When considering a motion to dismiss, the Court must accept all of the plaintiff's allegations as true in determining whether a plaintiff has stated a claim for which relief could be granted. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984).

III.  Discussion

A.  Breach of Contract

According to Defendants, the contractual documents specified that the obligation to pay Plaintiff was not triggered until seven days after delivery of the product to the warehouse in Boca Raton, Florida.  (Purchase Order; Invoice.)  However, the Amended Complaint states only that the Verifones arrived at a destination facility in Florida, and not the Boca Raton warehouse. (Am. Compl. ¶ 22.)  Defendants claim that this failure to perform according to the contract precludes Plaintiff from maintaining an action for breach of contract.

To state a claim for breach of contract, a plaintiff must allege (1) the existence of a contract; (2) a breach of the contract and (3) damages resulting from the breach. Rollins, Inc. v. Butland, 951 So. 2d 860, 876 (Fla. Dist. Ct. App. 2006); A.R. Holland, Inc. v. Wendco Corp.,

4

884 So. 2d 1006, 1008 (Fla. Dist. Ct. App. 2004).[2]  Here, Plaintiff has alleged that Defendants entered into a contract with Plaintiff (Am. Compl. ¶ 30), that Plaintiff performed all of its material obligations under the contract and fulfilled all conditions precedent (Am. Compl. ¶ 31), that Defendants "materially breached" the contract by not paying Plaintiff (Am. Compl. ¶ 32), causing damages (Am. Compl. ¶ 35.)  These allegations sufficiently provide Defendants with fair notice of the claim and the grounds upon which it rests.  See Davis v. Coca-Cola Bottling Co. Consolidated, 516 F.3d 955, 974 (11th Cir. 2008) (a complaint must give notice of the claim and the grounds upon which it rests.)

Thus, Defendants' argument ignores the clear and unambiguous language of the Amended Complaint that alleges "all conditions precedent" have been performed. (Am. Compl. ¶ 31.)  In pleading conditions precedent, the Federal Rules of Civil Procedure require only that conditions precedent be alleged "generally."  Fed. R. Civ. P. 9(c).  See Fitz-Patrick v. Commonwealth Oil Co., 285 F.2d 726, 729-30 (5th Cir. 1960) (sufficient to allege that "all conditions precedent have been performed or have occurred");[3] Thompson v. Kindred Nursing Ctrs. East, LLC, 211 F. Supp. 2d 1345, 1355 (M.D. Fla. 2002) (allegation that "all conditions precedent to the filing of this action have been satisfied or occurred" is sufficient).  To the extent Defendants claim that the failure to deliver the goods at Boca Raton, as compared to another

---

[2] In a diversity case, the Court applies Florida law.  See Pendergast v. Sprint Nextel Corp., 592 F.3d 1119, 1132-33; Royal Ins. Co. of America v. Whitaker Contracting Corp., 242 F.3d 1035, 1040 (11th Cir. 2001).

[3] The decisions of the United States Court of Appeals for the Fifth Circuit, as that court existed on September 30, 1981, handed down by that court prior to the close of business on that date, shall be binding as precedent in the Eleventh Circuit, for this court, the district courts, and the bankruptcy courts in the circuit.  Bonner v. Pritchard, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

location, is a failure to fulfill a condition precedent, they may raise that assertion as an affirmative defense. The Court concludes that by pleading "all conditions precedent" have been met, the Amended Complaint adequately alleges a breach of contract claim.

### B. Breach of Implied Duty of Good Faith and Fair Dealing

In interpreting Florida law, the Eleventh Circuit has held that "a claim for a breach of implied covenant of good faith and fair dealing cannot be maintained under Florida law in the absence of a breach of an express term of a contract." Centurion Air Cargo, Inc. v. United Parcel Svc. Co., 420 F.3d 1146, 1152 (11th Cir. 2005); Burger King Corp. v. Weaver, 169 F.3d 1310, 1316 (11th Cir. 1999). The breach of the implied covenant of good faith and fair dealing is not an independent cause of action but attaches instead to the performance of a specific contractual obligation. Centurion Air, 420 F.3d at 1151; Snow v. Ruden, McClosky, Smith, Schuster & Russell, P.A., 896 So. 2d 787, 792 (Fla. Dist. Ct. App. 2005). In addition, a breach of the implied covenant of good faith and fair dealing cannot be advanced when the allegations underlying that claim are duplicative of the allegations supporting the breach of contract claim. Enola Contracting Svcs, Inc. v. URS Group, Inc., No. 5:08cv2-RS-EMT, 2008 WL 1844612, at * 3 (N.D. Fla. Apr. 23, 2008); Trief v. American General Life Ins. Co., 444 F. Supp. 2d 1268, 1270 (S.D. Fla. 2006); Shibata v. Lim, 133 F. Supp. 2d 1311, 1319 (M.D. Fla. 2000).

Based on the foregoing, count two of the Amended Complaint fails to demonstrate a breach of the implied covenant of good faith and fair dealing. The allegations underlying the breach of the implied covenant of good faith and fair dealing are duplicative of the breach of contract claim. Specifically, the Amended Complaint states that "Defendants each breached their duty of good faith and fair dealing by, among other things, failing to pay [Plaintiff] for the agreed

upon value of the 7500 Verifones under the Contract." (Am. Compl. ¶ 38.) This allegation is virtually identical to the allegation in the breach of contract claim.[4] Therefore, this claim cannot be maintained as pled. The Court will, however, grant Plaintiff leave to amend this count.

### C. Liability of Terminal Exchange, LLC

Terminal Exchange, LLC moves to dismiss the Amended Complaint, asserting that it was not incorporated or in existence at the time of the alleged transaction. Terminal Exchange relies upon the allegations of the Amended Complaint which states that it was not incorporated as a limited liability company until July 29, 2008, a date after the alleged transaction took place. (Am. Compl. ¶¶ 42-44.) Absent some allegations which would permit imposition of a preexisting liability on an entity which was not in existence at the time of the transaction, Plaintiff cannot state a claim against Terminal Exchange, LLC with respect to this transaction. See Ashcroft v. Iqbal, 129 S. Ct. at 1949 ("To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."). Once again, Plaintiff will be given leave to amend this claim, if it can do so in good faith.

### D. Liability of Jonathan Lee, Kevin Slusher and Sam Zeitz

According to these Defendants, they cannot be liable under Florida Statute § 608.4238. This provision states:

> All persons purporting to act as or on behalf of a limited liability company, having actual knowledge that there was no organization of a limited liability company under this chapter, are jointly and severally liable for all liabilities created while so acting except for any liability to any person who also had actual knowledge that there was no organization

---

[4] "The Defendants breached the Contract by, among other things, failing to make payment to [Plaintiff] for the 7,500 Verifones that were shipped to the Defendants under the terms of the Contract." (Am. Compl. ¶ 32.)

>of a limited liability company.

Florida Statute § 608.4238.

These Defendants state that they did not act on behalf of a limited liability company that was not yet organized.  Their argument is as follows: The contract at issue was entered into on behalf of Terminal Superstore, LLC through the use of its fictitious name "Terminal Exchange." They merely did business in the name of "Terminal Exchange."  In other words, they did not act on behalf of Terminal Exchange LLC prior to its organization and they cannot be held individually liable for promoter liability for later incorporating an entity with the name "Terminal Exchange LLC."  Defendants support these arguments by relying upon a copy of the  fictitious name registration of Terminal Superstore, LLC.  (Ex. 2, attached to DE 48.)

As a general rule, the Court must "limit[ ] its consideration to the pleadings and exhibits attached thereto" when deciding a Rule 12(b)(6) motion to dismiss. Grossman v. Nationsbank, N.A., 225 F.3d 1228, 1231 (11th Cir. 2000) (internal quotation marks and citation omitted). If the parties present evidence outside of the pleadings, and the district court considers that evidence, then the motion to dismiss is converted into a motion for summary judgment under Federal Rule of Civil Procedure 56. See Fed. R. Civ. P. 12(d); Finn v. Gunter, 722 F.2d 711, 713 (11th Cir.1984) (citations omitted).   There is, however, an exception to this rule.  The Eleventh Circuit has allowed authentic documents to be considered on a motion to dismiss if they are referenced in the plaintiff's complaint, central to the plaintiff's claim, and submitted for the limited purpose of showing what statements the documents contain rather than the truth of matters asserted in the documents. See Bryant v. Avado Brands, Inc., 187 F.3d 1271, 1278 & n. 10 (11th Cir.1999) (holding that it is permissible for courts to take judicial notice of SEC filings at the 12(b)(6) stage

in securities fraud cases "for the purpose of determining what statements the documents contain.").

Here, the fictitious name registration does not fall under the foregoing exception because the documents are not "central" to the Amended Complaint.[5] Indeed, Plaintiff does not rely on the fictitious name registration in the Amended Complaint. Nor does this document serve to clarify any allegation in the Amended Complaint. Lastly, the document is submitted for the truth of the matter asserted. For these reasons, the Court will not consider this document and the motion to dismiss counts three and four are denied.[6]

### E.  Liability of American Bancard

American Bancard moves for dismissal, claiming that the contract demonstrates that it was not a party to the contract. In response, Plaintiff relies on the emails sent by Sam Zeitz as President of American Bancard which shares the same address of the other corporate Defendants. According to Plaintiff, Mr. Zeitz, as President, negotiated the contract and all corporate entities were controlled by the same individuals. (Am. Compl. ¶ 12.)

Simply put, Plaintiff cannot establish liability over American Bancard on such threadbare allegations. To impute Terminal Superstore, LLC's activities to American Bancard, Plaintiff needs to allege that American Bancard was a mere instrumentality of Terminal Superstore, LLC and that Terminal Superstore, LLC used improper conduct in forming American Bancard. See

---

[5] Defendants rely on Spechler v. Tobin, 591 F. Supp. 2d 1350 (S.D. Fla. 2008). In that case, the court found the public record, whose authenticity was unchallenged, was central to the claim. Id. at 1354 n.1.

[6] Of course, Defendants are free to raise this argument at the summary judgment stage when the Court can consider this evidence.

Dania Jai-Alai Palace, Inc. v. Sykes, 450 So. 2d 1114 (Fla. 1984); Aldea Communications, Inc. v. Gardner, 725 So. 2d 456 (Fla. Dist. Ct. App.1999).   A "mere failure to observe corporate formalities is not enough."  John Daly Enterprises, LLC v. Hippo Golf Co., Inc., 646 F. Supp. 2d 1347, 1353 (S.D. Fla. 2009).  The Amended Complaint does not allege improper conduct, such as fraud, in the formation or use of these corporate entities.  As such, Plaintiff has failed to establish liability of American Bancard.  Plaintiff shall have leave to amend this claim if it can do so in good faith.

IV.  Conclusion

Accordingly, it is hereby **ORDERED AND ADJUDGED** as follows:

1) Defendant Terminal Exchange, LLC's Motion to Dismiss Plaintiff's Amended Complaint (DE 46) is **GRANTED with leave to amend.**

2) Defendants Jonathan Lee and Kevin Slusher's Motion to Dismiss Plaintiff's Amended Complaint (DE 48) is **DENIED**.

3) Defendants Terminal Superstore, LLC, American Bancard, LLC and Sam Zeitz's Motion to Dismiss Amended Complaint (DE 56) is **GRANTED IN PART AND DENIED IN PART with leave to amend.**

4) If Plaintiff chooses to file an amended complaint, it must do so within **ten days from the date of entry of this Order**.

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 10th day of March, 2010.

_____
KENNETH A.  MARRA
United States District Judge